UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D.E. SHAW LAMINAR PORTFOLIOS, LLC, et al., | |
| Plaintiffs, | 2:07-CV-01146-PMP-LRL |
| v. | |
| ARCHON CORPORATION, | **ORDER** |
| Defendant. | |

Before the Court is Plaintiffs' Expedited Motion to Lift Stay of Execution, for Writ of Execution, and for Related Relief (Doc. #188, #189), filed October 15, 2012. At the Court's direction, Plaintiffs filed a proposed Writ of Execution (Doc. #196) using the Court's official form on October 26, 2012. Defendant filed a Response (Doc. #197) to Plaintiffs' Motion to Lift Stay on October 26, 2012. Plaintiffs filed a Reply (Doc. #198) on October 29, 2012.

**I. BACKGROUND**

The parties are familiar with the facts in this action and the Court will not repeat them here except as necessary. Following the Court's grant of summary judgment in favor of Plaintiffs, the Clerk of the Court entered Judgment against Defendant on December 22, 2010, for $7,240,523.64 in damages and $2,275,055.86 in prejudgment interest, for a total

1  judgment of $9,515,579.50.  (J. in a Civil Case (Doc. #146).)  The parties then stipulated to
2  amend the Judgment to reflect $2,041,266.23 in prejudgment interest, bringing the total
3  Judgment to $9,281,789.87.  (Stipulation & (Proposed) Order to Amend J. Pursuant to Fed.
4  R. Civ. P. 60(a) (Doc. #165).)  The Court granted the parties' stipulation, and the Clerk of
5  the Court entered an Amended Judgment to that effect on February 24, 2011.  (Order
6  Granting Stipulation to Amend J. (Doc. #166) at 3.; Am. J. in a Civil Case (Doc. #167).)

7  Meanwhile, after the Clerk of the Court entered the original Judgment, Defendant
8  filed a notice of appeal and moved to stay the execution of the Judgment pending the
9  appeal.  (Notice of Appeal (Doc. #160); Mot. to Stay Execution of J. Pending Appeal (Doc.
10 #159).)  The Court granted Defendant's motion to stay.  (Order (Doc. #178).)  Defendant
11 then filed an original Irrevocable Standby Letter of Credit for $9,575,579.50 with the Clerk
12 of the Court, to secure Plaintiffs' Judgment against Defendant while the appeal was
13 pending.  (Certificate of Deposit-Original Letter of Credit (Doc. #179); Notice of Posting
14 Original Irrevocable Standby Letter of Credit (Doc. #180).)

15 The United States Court of Appeals for the Ninth Circuit affirmed this Court's
16 grant of summary judgment in favor of Plaintiffs and denied Defendant's petition for panel
17 rehearing.  (Mem. (Doc. #186); Order (Doc. #187).)  The Ninth Circuit issued the Mandate
18 on October 12, 2012.  (Mandate (Doc. #193).)  This Court filed its Order on Mandate on
19 October 18, 2012.  (Order on Mandate (Doc. #195).)

20 Plaintiffs now request that the Court lift the stay of execution pending appeal.[1]
21 Plaintiffs additionally request that the Court direct the Clerk of the Court to issue the Writ
22 of Execution filed on October 26, 2012, and give the original letter of credit to Plaintiffs'
23 counsel.  Plaintiffs contend the original Judgment controls the postjudgment interest

---

[1] In their motion, Plaintiffs also request that the Court issue the Order on Mandate.  Following Plaintiffs' motion, however, the Court entered an Order on the Mandate consistent with the Mandate of the Ninth Circuit.

2

1 calculation because the Amended Judgment did not change the underlying damages reward.
2 Therefore, according to Plaintiffs, postjudgment interest accrues on the amount stated in the
3 Amended Judgment, but runs from the date of the original Judgment.  Plaintiffs thus
4 conclude that the correct postjudgment interest rate is .30%, which is the weekly average 1-
5 year constant maturity yield for the week preceding the entry of the original Judgment, or
6 the week ending December 17, 2010.  (Reply to Def.'s Objection to Pls.' Expedited Mot. to
7 Lift Stay of Execution, for Writ of Execution, & for Related Relief (Doc. #198), Ex. 1.)

8       Defendant responds that it does not object to the Court lifting the stay of
9 execution, but argues Plaintiffs used an incorrect postjudgment interest rate in the Writ of
10 Execution.  Defendant argues the Amended Judgment controls the postjudgment interest
11 calculation and postjudgment interest began accruing on the date of the Amended
12 Judgment.  Defendant thus argues the post-judgment interest rate is .29%, which is the
13 weekly average 1-year constant maturity yield for the week preceding the entry of the
14 Amended Judgment, or the week ending February 18, 2011.  (Archon's Objection to
15 Expedited Mot. to Lift Stay of Execution, for Writ of Execution, & for Related Relief (Doc.
16 #197), Ex. 1.)  Defendant contends the postjudgment interest rate and the amount of
17 postjudgment interest must be corrected before the Court lifts the stay.

18 **II. DISCUSSION**

19       Title 28 U.S.C. § 1961 requires postjudgment interest on any money judgment
20 entered in a civil case in the district court.  Postjudgment interest is calculated "from the
21 date of the entry of judgment." 28 U.S.C. § 1961(a).  The postjudgment interest rate to
22 apply to the judgment amount is the "weekly average 1-year constant maturity Treasury
23 yield, as published by the Board of Governors of the Federal Reserve System, for the
24 calendar week preceding" the date of the judgment.  Id.  Postjudgment interest is
25 compounded annually and computed daily up to the date the judgment is paid.  Id.
26 § 1961(b).

"The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss of time between the ascertainment of the damage and the payment by the defendant." United States v. Bell, 602 F.3d 1074, 1083 (9th Cir. 2010) (quotation omitted). When a judgment is amended, awarding postjudgment interest from the date of the original judgment is proper to the extent the original judgment was "permitted to stand." See Tinsley v. Sea-Land Corp., 979 F.2d 1382, 1383 (9th Cir. 1992) (finding postjudgment interest ran from entry of the original judgment because the original judgment was "permitted to stand" on the defendant's liability, even though an amended judgment lowered the plaintiff's damages based on contributory negligence); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55 (2d Cir. 1998) (finding postjudgment interest ran from the date of the original judgment and not the amended judgment).[2] However, postjudgment interest accrues on the reduced amount of an amended judgment, even when it runs from the date of the original judgment. See Exxon Valdez, 568 F.3d at 1080.

Here, although postjudgment interest accrues on the amount in the Amended Judgment, the date of the original Judgment otherwise controls the calculation of post-judgment interest. The Amended Judgment lowered the award of pre-judgment interest, but did not alter Defendant's liability or the damages awarded to Plaintiffs. Accordingly, postjudgment interest began accruing the date of entry of the original Judgment, December 22, 2010, and the post-judgment interest rate to apply is .30%, which is the weekly average

---

[2] See also Exxon Valdez v. Exxon Mobil, 568 F.3d 1077, 1080 (9th Cir. 2009) (finding postjudgment interest ran from the entry of the original judgment as opposed to the final judgment for punitive damages because the original judgment sufficiently established defendant's punitive damages liability); Perkins v. Standard Oil Co. of Cal., 487 F.2d 672, 676 (9th Cir. 1973) ("Where a single item such as attorneys' fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry."). Compare with Am. Tel. & Tel. Co. v. United Computer Sys., Inc., 98 F.3d 1206, 1211 (9th Cir. 1996) (finding postjudgment interest ran from a judgment entered upon remand from the appellate court because the original judgment was vacated).

1-year constant maturity yield for the week ending December 17, 2010.

### III. CONCLUSION

      IT IS THEREFORE ORDERED that Plaintiffs' Expedited Motion to Lift Stay of Execution, for Writ of Execution, and for Related Relief (Doc. #188, #189) is hereby GRANTED.

      IT IS FURTHER ORDERED that the Clerk of the Court shall issue Plaintiffs' Writ of Execution (Doc. #196) filed on October 26, 2012.

      IT IS FURTHER ORDERED that Plaintiffs' counsel shall contact the Clerk of the Court to make arrangements to retrieve the original Irrevocable Standby Letter of Credit (Doc. #179) from the Clerk of the Court.

DATED: November 5, 2012

_____
PHILIP M. PRO
United States District Judge